# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Emerson Garcia Alvarez</u>

                             Case No. 20-cv-334-PB

     v.                      Opinion No. 2020 DNH 039

<u>Christopher Brackett,[1]</u>
<u>Superintendent, Strafford County Department of Corrections</u>


## O R D E R

Before me is Emerson Garcia Alvarez's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1), which petitioner filed pro se while in the custody of Immigration and Customs Enforcement ("ICE") at the Strafford County Department of Corrections ("SCDC"). Garcia Alvarez asks that I order his release, pending the adjudication of his immigration claim under the Violence Against Women Act ("VAWA") and stop his impending removal. Compl., Doc. No. 1 at 2, 7. The petition is before me to determine whether it is facially valid and may proceed. <u>See</u> Rule 4 of the Rules Governing Section 2254 Cases ("Section 2254 Rules"); <u>see also</u> Section 2254 Rule 1(b) (authorizing court to

---

[1] When petitioner filed this petition in the District of Massachusetts, he named the "Department of Homeland Security" as a respondent. Compl., Doc. No. 1 at 1. When Chief Judge Patti Saris transferred this matter to this District, she determined that Superintendent Brackett was a proper respondent because he is the petitioner's immediate custodian. Transfer Order, Doc. No. 6 at 1.

apply Section 2254 Rules to Section 2241 petitions); LR 4.3(d)(4).

It is not apparent on the face of the petition that I have jurisdiction to hear this matter. Cf. E.F.L. v. Prim, No. 20-cv-72, 2020 WL 586803, at * 3–7 (N.D. Ill. Feb. 6, 2020) (concluding that the district court lacked jurisdiction over habeas petition because petitioner's only available route to challenge her detention and removal pending the outcome of her VAWA case was an appeal to the Circuit Court). It it is, however, similarly not clear that the claims are meritless. Service shall, therefore, be effected by the clerk's immediate delivery of the Petition and this Order to the United States Attorney for the District of New Hampshire, and by sending the same documents by certified mail to the Acting Director of the ICE Field Office in Burlington, MA. See Section 2254 Rule 3(b). Service upon the SCDC Superintendent shall be effected by providing the same documents to the U.S. Marshals Service for service upon Brackett, pursuant to Fed. R. Civ. P. 4(j)(2).

Petitioner shall have seven days to supplement the pro se petition, including by adding any necessary federal respondents. The federal government respondents shall then respond to the supplemented petition. The clerk shall set a status conference for March 16, 2020 at 5:00 pm. The Superintendent shall not be required to respond until further order of the court.

The clerk's office is directed to immediately provide a copy of this order to the District of New Hampshire United States Attorney's Office Civil Bureau Chief. In addition, going forward, respondents shall provide this court with at least 48 hours' advance notice of any scheduled removal or transfer of Petitioner out of this court's jurisdiction.


SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

March 13, 2020

cc: U.S. Attorney's Office
    Emerson Garcia Alvarez, pro se